UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM W JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02047-TWP-DML |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS; | ) | |
| BOARD OF SCHOOL COMMISSIONERS | ) | |
| FOR THE CITY OF INDIANAPOLIS; | ) | |
| MARY ANN SULLIVAN, Individually and in | ) | |
| her Official Capacity; SAM ODLE, | ) | |
| Individually and in his Official Capacity; | ) | |
| LANIER ECHOLS, Individually and in her | ) | |
| Official Capacity; MICHAEL O'CONNOR, | ) | |
| Individually and in his Official Capacity; | ) | |
| GAYLE COSBY, Individually and in her | ) | |
| Official Capacity; KELLY BENTLEY, | ) | |
| Individually and in her Official Capacity; | ) | |
| DIANE ARNOLD, Individually and in her | ) | |
| Official Capacity; | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS
## AND OTHER PENDING MOTION

This matter is before the Court on a Partial Motion to Dismiss filed by Defendants Indianapolis Public Schools ("IPS") and the Board of School Commissioners for the City Of Indianapolis ("the Board"), as well as Commissioners Mary Ann Sullivan, Sam Odle, Lanier Echols, Michael O'Connor, Gayle Cosby, Kelly Bentley, and Diane Arnold (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Filing No. 14.) On July 29, 2016, following his termination from IPS, Plaintiff William W. Jensen ("Jensen") filed a Complaint alleging Defendants violated his rights under the Fifth and Fourteenth Amendments. (Filing No. 1.) Defendants move to dismiss the Complaint, asserting lack of subject

matter jurisdiction, qualified immunity, and failure to state a claim, among other things. Thereafter, Jensen filed a Motion for Leave to File Surreply (Filing No. 45), as well as a Motion for Attorney's Fees. (Filing No. 46.) For the following reasons, the Court **grants in part and denies in part** Defendants' Motion to Dismiss, the Court **denies** Jensen's Motion for Leave to File Surreply, and the Court **denies** Jensen's Motion for Attorney's Fees.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the Complaint, and draws all possible inferences in Jensen's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Jensen has been a professional educator for nearly forty years, fifteen of which were spent working for IPS. During his tenure with IPS, Jensen held several positions, including: English teacher and Academic Dean. Jensen's most recent IPS title was Assistant Principal of Longfellow Alternative School ("Longfellow").

On February 17, 2016, a parent reported to Jensen an inappropriate sexual relationship between a student and Longfellow employee and counselor, Shana Taylor ("Taylor"). After receiving the information, Jensen contacted the Director of Student Services—Deborah Leser ("Leser")—for guidance. Leser relied on IPS Procedure 3213.01 when directing Jensen to contact Assistant Superintendent of Human Resources Tina Hester ("Hester"). Procedure 3213.01 provides:

> **What should you do if you can't figure out what to do?**
> Call the Title IX Coordinator at 226-3870 or the Assistant Superintendent, Human Resources at 226-4580, who are the primary resource persons in these matters.

([Filing No. 1 at 9](#).) Jensen immediately contacted Hester, who informed Jensen not to involve the police. Hester decided, instead, to assign Title IX Coordinator Shalon Dabney ("Dabney") to investigate the matter.

Five days later, on February 22, 2016, Dabney ordered IPS employee Mark Cosand ("Cosand") to report Taylor's inappropriate relationship to Child Protective Services ("CPS"). The following day, on February 23, 2016, Cosand reported the inappropriate relationship to CPS. On March 2, 2016, the "Shana Taylor story[1]" became public. Thereafter, IPS's attorney David Given ("Attorney Given") interviewed Jensen, as well as others including: Leser, Cosand, Dabney, and Hester. Attorney Given explained that his goal was to gather facts regarding the complaint made against Taylor. IPS Superintendent Dr. Lewis D. Ferebee ("Dr. Ferebee") also interviewed Jensen.

The following month, on April 12, 2016, Hester and Dabney were criminally charged for failure to file a report with CPS upon learning about the incident. No criminal charges were filed against Jensen. On May 31, 2016, however, Jensen received a letter notifying him of a preliminary decision to cancel his employment contracts for failure to report the incident to CPS. On June 23, 2016, a hearing was held before the Board, despite Jensen's request for a continuance due to a scheduling conflict that prevented him from attending the hearing. On June 30, 2016, the Board unanimously voted to cancel Jensen's employment contracts based on insubordination and neglect of duty.

On July 29, 2016, Jensen sought relief in this Court. He asserts that Defendants denied him due process. Specifically, Jensen contends: 1) Defendants failed to reschedule the hearing,

---

[1] Former IPS Counselor was sexually involved with two students. IPS waited six days to report abuse, court documents show. www.indystar.com/story/news/crime/2016/03/02/indianapolis-public-schools-counselor-charged-child-seduction/81201592/

despite his inability to attend; 2) Defendants failed to provide proper notice of his alleged wrongdoing prior to the June 23, 2016 hearing before the Board; 3) Attorney Given and Dr. Ferebee failed to advise him of his *Garrity* rights prior to interviewing him; 4) Defendants' decision to terminate him was arbitrary and capricious; and 5) the Court should review the decision to terminate Jensen and grant relief to him pursuant to Indiana Code § 4-21.5-5-14. (Filing No. 1.) Defendants move the Court to dismiss Jensen's Complaint in its entirety, arguing the Court lacks subject matter jurisdiction, the Complaint fails to state a claim, the Commissioners are entitled to qualified immunity, and other things. (Filing No. 14.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been

submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

**B.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane,* 550 F.3d 632, 633 (7th Cir.2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; see also *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir.2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint

5

must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

### III. DISCUSSION

Defendants ask the Court to dismiss Jensen's Complaint for lack of subject matter jurisdiction, redundancy, failure to state a claim, and because the Commissioners are entitled to qualified immunity. Defendants also argue that the Court should decline to exercise supplemental jurisdiction over Jensen's state law claim under Indiana Code § 4-21.5-5-14. The Court will address each issue below.

### A. **Motion for Leave to File Surreply ([Filing No. 45](#))**

The Court first addresses Jensen's Motion to File a Surreply. Jensen contends Defendants included new supplemental evidence in its Reply Brief, specifically: 1) seven new cases; and 2) new arguments, asserting that Jensen's Response "misses the point."

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.* (citation omitted). Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the

response. *See, e.g., id.; Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161 (S.D. Ind. Feb. 12, 2014).

Upon review of the parties' briefing, the Court determines that Defendants' Reply Brief did not inject new evidence, arguments, or issues into the Motion to Dismiss. Instead, the Reply Brief provided Defendants' response to the arguments advanced by Jensen in his Response Brief. The limited circumstances for allowing a surreply—to address new arguments or evidence raised in the reply brief—are not present in this case and, as a result, Jensen's Motion for Leave to File Surreply (Filing No. 45) is **denied**.

**B.** **Motion to Dismiss ([Filing No. 14](#))**

    **1.** **Subject Matter Jurisdiction**

With respect to the merits of this case, Defendants contend adequate state remedies are available, and Jensen's constitutional due process claims are not ripe for review. It is well-established that satisfying the ripeness doctrine is a prerequisite for the exercise of federal jurisdiction under Article III of the United States Constitution. *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1002 (7th Cir. 2004) (citations and quotation marks omitted). "The doctrine's basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies…." *Id*.

Defendants argue that Jensen must appeal the Board's decision to the state court, prior to seeking relief in federal court. *See Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) (noting "no due process violation has occurred when adequate state remedies exist. The whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide adequate remedies…. Given the availability of state remedies that have not been shown to be inadequate, plaintiffs have no procedural due process claim"); *see also Gaunce v.*

7

*deVincentis*, 708 F.2d 1290, 1292 (7th Cir. 1983) ("[w]here Congress has provided a statutory procedure for the review of an administrative order, such procedure is exclusive") (citations omitted); *Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 807 (7th Cir. 2010) ("failing to avail oneself of adequate state court remedies is not akin to failing to meet a condition precedent; it is a substantive failure that defeats the cause of action.").

Defendants' argument is without merit. Jensen's due process claims are pursuant to 42 U.S.C. § 1983, which "does not require that plaintiffs exhaust state remedies." *Veterans*, 330 F.3d at 941. Accordingly, Jensen's claims are ripe for review and the Court **denies** Defendants' request to dismiss for lack of subject matter jurisdiction.

In addition, the cases Defendants rely on are misplaced because, unlike the statutes in those cases, the Indiana Teacher Tenure Act ("the Act") that Jensen relies on provides only pre-deprivation procedures rather than post-deprivation remedies. *See* Ind. Code § 20-28-7.5 *et seq.*; *see also Veterans*, 330 F.3d at 941 (denying plaintiff's due process claim where plaintiff did not dispute that adequate post-deprivation remedies were available in administrative review or in an action for mandamus under the Illinois Personnel Code); *Gaunce*, 708 F.2d at 1292 (finding the court lacked subject matter jurisdiction where plaintiff did not exhaust administrative remedies under the Federal Aviation Act); *Leavell.*, 600 F.3d at 806 (dismissing plaintiff's due process claim where plaintiff conceded that state remedies existed because administrative decisions of the Illinois Department of Revenue are subject to judicial review under the Administrative Review law pursuant to 225 ILCS 725/10").

Accordingly, because the Act is silent regarding post-deprivation state remedies, the Court has jurisdiction to hear Jensen's due process claims pursuant to § 1983. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990) ("a deprivation of a constitutionally protected property interest caused

8

by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, *unless the State fails to provide an adequate post-deprivation remedy*") (emphasis added).

## 2. **Redundancy**

Defendants ask the Court to dismiss Jensen's claims against the Commissioners, both in their individual and official capacities. Defendants contend, because Jensen asserts claims against both IPS and the Board, any claims against the Commissioners are redundant. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("[o]fficial-capacity suits, in contrast [to personal-capacity suits], generally represent only another way of pleading an action against an entity of which an officer is an agent") (citations and quotation marks omitted); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1021 n.3 (7th Cir. 1997) (noting, "[b]ecause [Plaintiff's] suit is also against the entity, i.e., the School District and School Board, her claims against the principal and assistant principal, in their official capacities, are redundant").

Defendants' "redundancy" claim is without merit and their reliance on *Kentucky* and *Smith* misplaced. Neither *Kentucky* nor *Smith* stand for the proposition that a claim against individuals—in their official and personal capacities—must be dismissed as redundant where a plaintiff also asserts claims against the entity that the individuals encompass. *See Kentucky*, 473 U.S. at 159 (holding, "[42 U.S.C. §] 1988 does not allow attorney's fees to be recovered from a governmental entity when a plaintiff sues governmental employees *only in their personal capacities*) (emphasis added); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1021 (7th Cir. 1997) (ruling on the merits that plaintiff's claim against a principal and assistant principal in their official and individual capacities fails under Title IX because the principal and assistant principal are not "grant recipients").

9

The Court concludes, even if Jensen's claims against the Commissioners in their "official capacity" are redundant, *Kentucky* and *Smith* do not speak to the redundancy of claims against the Commissioners in their "individual capacity." *See Morgan v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, No. 98 C 1095, 1999 WL 160369, at *3 (N.D. Ill. Mar. 9, 1999) (noting, "municipalities or other local government units are answerable only for their own decisions and policies; *they cannot be held vicariously liable for the constitutional torts of others, including their employees*") (emphasis added). Accordingly, Defendants' motion to dismiss for redundancy is **denied**.

With respect to claims against the Commissioners in their "individual capacity," Defendants assert that the Court should dismiss these claims because the Complaint fails to allege any personal involvement against the individual Commissioners. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints") (citations omitted). For the reasons discussed below, the Court **denies** Defendants' motion to dismiss based on redundancy.

### 3. Failure to State a Claim

Defendants also move the Court to dismiss the Complaint in its entirety for failure to state a claim. The Complaint asserts essentially three distinct federal claims against Defendants, specifically: 1) failure to reschedule the hearing and provide proper notice of Jensen's alleged wrongdoing in violation of the Due Process Clause of the Fourteenth Amendment; 2) failure to advise Jensen of his *Garrity* rights in violation of the Fifth Amendment; and 3) arbitrary and capricious termination in violation of the Due Process Clause of the Fourteenth Amendment. The Court will address each issue in turn.

### a. Procedural Due Process

When analyzing a procedural due process claim, the Court determines: 1) whether the plaintiff was deprived of a protected interest; and 2) what process is due. *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir.2004). There is no dispute that Jensen maintained a property interest in his continued employment with IPS. *See* Ind. Code § 20-28-7.5-1. With respect to the second prong, the essential requirements of procedural due process are notice and an opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985) (evaluating the pre-termination process provided to a tenured public employee and noting that "the essential requirements of due process… are notice and an opportunity to respond"). In particular, a tenured employee "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id*. (noting that the opportunity to be heard "need not be elaborate") (citations omitted).

Defendants argue that the Complaint fails to assert any facts alleging the Commissioners violated Jensen's rights and asks the Court to rule on the merits that Jensen received proper notice and the opportunity to be heard. Defendants also contend, even if Jensen was denied proper notice, the Court should dismiss the procedural due process claim because Jensen alleges only violation of state statutory requirements. *See* Ind. Code § 20-28-7.5-2 ("Before a teacher's contract is canceled… [t]he principal shall notify the teacher of the principal's preliminary decision…" and "*[t]he notice…must include a written statement…giving the reasons for the preliminary decision*") (emphasis added). Defendants assert that any failure to comply with state procedural laws, in and of itself, is not a denial of federal due process. *See Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002) (holding allegations that the Board failed to comply with procedural rules for conducting administrative hearings as provided by state statute was "an insufficient basis on which

to state a federal due process claim"); *Pro–Eco, Inc. v. Bd. of Comm'rs,* 57 F.3d 505, 514 (7th Cir.1995) (a violation of a state procedural statute does not offend the Constitution); *Wallace v. Tilley,* 41 F.3d 296, 301 (7th Cir.1994) ("The denial of state procedures in and of itself does not create inadequate process under the federal constitution."); *Osteen v. Henley,* 13 F.3d 221, 225 (7th Cir.1993) ("[A] violation of state law ... is not a denial of due process, even if the state law confers a procedural right."); *Coniston Corp. v. Village of Hoffman Estates, et al.,* 844 F.2d 461, 467 (7th Cir.1988) ("A violation of state law is not a denial of due process ....") (citations omitted).

The Court first notes that on a motion to dismiss, the Complaint is read in a light most favorable to Jensen. *See Bielanski*, 550 F.3d at 633. Although Defendants may establish that they did in fact give Jensen proper notice, at this stage in the litigation, dismissal based on facts not included in the Complaint is inappropriate. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 381 (7th Cir. 1988). The Complaint asserts that every Defendant, including each Commissioner, failed to properly notify Jensen of any alleged wrong doing. The Complaint states, in pertinent part:

> IPS, the Board, Ms. Sullivan, Mr. Odle, Ms. Nichols, Mr. O'Connor, Ms. Cosby, Ms. Bentley and Ms. Arnold refused to reschedule Mr. Jensen's hearing for a date and time when Mr. Jensen could be available for his own hearing, in violation of the Fourteenth Amendments [sic] to the U.S. Constitution, actionable under 42 U.S.C. § 1983…. *He was denied his right to be heard because he was not notified of the alleged wrong*…. IPS, the Board, Ms. Sullivan, Mr. Odle, Ms. Nichols, Mr. O'Connor, Ms. Cosby, Ms. Bentley and Ms. Arnold failed to provide proper notice or any sufficient notice to Mr. Jensen as required by Indiana Code § 20-28-7.5-2(a)(2), in violation of the Fourteenth Amendment to the U.S. Constitution, actionable under 42 U.S.C. § 1983.

([Filing No. 1 at 19-20](#)) (emphasis added).

The Court also finds Defendants' contention that Jensen alleges only violation of state statutory requirements without merit. Although violation of a state statute in and of itself is not a denial of federal due process, the Complaint specifically asserts failure to give proper notice as

12

required under both state and federal law. *See Loudermill*, 470 U.S. at 545-46 (noting, under federal law, an employee "is *entitled to oral or written notice of the charges against him, an explanation of the employer's evidence*, and an opportunity to present his side of the story"). Accordingly, because Jensen asserts that each Defendant failed to notify him of his alleged wrongful act—as required by both state and federal law—the Court **denies** Defendants' Motion on this issue.

To the extent that Jensen contends Defendants violated his due process rights when failing to reschedule the Board hearing, the Court **grants** Defendants' Motion to Dismiss because Jensen could have designated counsel to attend the Board hearing on his behalf. *See Raines v. Indianapolis Pub. Sch.*, 52 F. App'x 828, 831–32 (7th Cir. 2002) (holding, although plaintiff could not be physically present at the hearing, plaintiff did have "a chance to tell [his] side of the story" because he "could have presented his case in writing or designated a representative to attend the hearing on his behalf") (citations omitted).

### b. *Garrity* Rights

Jensen also asserts that Defendants violated his *Garrity* rights because Dr. Ferebee and Attorney Given interviewed Jensen without offering Jensen immunity from criminal prosecution on the basis of his answers. *See Garrity v. State of N.J.*, 385 U.S. 493, 500 (1967). Defendants assert that Jensen's *Garrity* claim is misplaced because Jensen voluntarily answered Attorney Given's and Dr. Ferebee's questions and IPS did not attempt to compel Jensen to answer any questions. *See id.* at 500 (holding "the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office…").

The Court agrees that Jensen's *Garrity* claim is without merit, primarily because there is no criminal proceedings against Jensen and Jensen does not allege that IPS coerced him into giving any self-incriminating statements. Accordingly, Defendants' Motion on this issue is **granted**.

### c. Substantive Due Process

To prevail on a substantive due process claim, Jensen must allege: 1) Defendants' decision was arbitrary and irrational; and 2) Defendants either committed a separate substantive constitutional violation or that state remedies are inadequate. *See Strasburger v. Bd. of Educ., Hardin Cty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 357 (7th Cir. 1998). The scope of substantive due process, however, is very limited and protects plaintiffs only against arbitrary government action that "shocks the conscience." *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005) (citations omitted). Defendants argue that Jensen's substantive due process claim fails on the merits because Jensen has not presented sufficient facts establishing that the decision to cancel his employment contracts "shocks the conscious," or that Defendants committed a separate substantive constitutional violation.

The Court first notes, because it previously found that Jensen alleged sufficient facts to state a claim for a procedural due process violation, the second prong of the analysis is met. With respect to the first prong, the Court finds that the Complaint alleges enough facts to state a claim for arbitrary termination. There is no dispute that Defendants terminated Jensen for insubordination and "neglect of duty" for failing to report the inappropriate relationship to CPS. *See* Ind. Code § 20-28-7.5-1 ("[a]" contract with a teacher may be canceled immediately …for…neglect of duty" or any "[o]ther good or just cause"). The Court, however, finds—when viewing the facts in the light most favorable to Jensen—Jensen obeyed and followed IPS Procedure 3213.01, as well as the orders of his superiors. IPS Procedure 3213.01 provides that

employees should contact the Assistant Superintendent when they cannot figure out what to do. Leser directed Jensen to contact Hester, the Assistant Superintendent of Human Resources, who then directed Jensen not to report the inappropriate relationship. Accordingly, because Jensen was terminated after remaining subordinate and following the directions of his superiors, the Court **denies** Defendants' request to dismiss Jensen's substantive due process claim.

### 4. **Qualified Immunity**

In the alternative, Defendants contend that if the Court finds that Jensen's claims do not fail on the merits, the Court should grant the Commissioners qualified immunity. Qualified immunity provides a defense so that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 (2012) (citation and quotation marks omitted).

To determine whether qualified immunity applies, the Court must determine whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendants'] conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court also determines "whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.*

### a. Violation of a Constitutional Right

Jensen alleges the Commissioners violated his Fourteenth Amendment rights when arbitrarily terminating him and when failing to give notice of any alleged wrongdoing prior to the Board hearing. The Court previously found that, when viewing the facts in a light most favorable to Jensen, Jensen alleged sufficient facts to establish violation of his procedural and substantive due process rights.

### b. Clearly Established Right

Jensen's procedural and substantive due process rights under the Fourteenth Amendment must also be clearly established. "To be clearly established, at the time of the challenged conduct, the right's contours must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Humphries v. Milwaukee Cnty.*, 702 F.3d 1003, 1006 (7th Cir. 2012) (citation and quotation marks omitted). "While a case directly on point is not required, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citation and quotation marks omitted).

With respect to Jensen's procedural due process claim, Defendants generally assert that the Commissioners did not depart from any "clearly established law" because Jensen received more than ample notice of the charges against him. The Court notes that it previously found, based on the facts alleged in the Complaint, the Commissioners failed to give Jensen notice of his alleged wrongdoing as required by state and federal law. *See* Ind. Code § 20-28-7.5-2 ("Before a teacher's contract is canceled… [t]he principal shall notify the teacher of the principal's preliminary decision…" and "*[t]he notice…must include a written statement…giving the reasons for the preliminary decision*") (emphasis added); *Loudermill*, 470 U.S. at 545-46 (noting, under federal law, an employee "is *entitled to oral or written notice of the charges against [her], an explanation*

16

*of the employer's evidence*, and an opportunity to present [her] side of the story") (emphasis added). Accordingly, the Court concludes that under those facts a reasonable person in the Commissioners' situation would have understood that Jensen's procedural due process rights were violated.

Regarding Jensen's substantive due process claim, Defendants again assert that the Commissioners are entitled to qualified immunity because Jensen cannot show any violation of his "clearly established" rights. Defendants do not dispute that the Fourteenth Amendment provides Jensen with the right to be free from arbitrary termination. *See Strasburger*, 143 F.at 357. Defendants instead argue that the Commissioners properly terminated Jensen.

The Court notes, as discussed above, that Jensen alleged sufficient facts to state a claim for arbitrary termination in violation of the Fourteenth Amendment. Despite Jensen obeying his superiors and the rules outlined in IPS Procedure 3213.01, the Commissioners terminated Jensen. Based on this fact, the Court finds that it would be clear to a reasonable Commissioner that Jensen's substantive due process rights were violated. Accordingly, at this early stage in litigation, the Court **denies** Defendants' qualified immunity claim. The Court notes, however, with the benefit of discovery and at a later stage in litigation, Defendants may establish that they did in fact give Jensen proper notice or properly terminated Jensen and, as such, the Commissioners are entitled to qualified immunity.

### 5. Indiana Administrative Orders and Procedures Act Claim

Defendants argue that the Court should decline to review whether the decision to terminate Jensen's contracts were arbitrary and capricious pursuant to Indiana's Administrative Orders and Procedures Act, Ind. Code § 4-21.5-5-14, because Jensen's federal claims fail under Rules 12(b)(1) and 12(b)(6). *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-

established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial").

The Court **denies** Defendants' Motion on this issue because the Court previously found that Jensen alleged sufficient facts to state a claim for both procedural and substantive due process violations.

C.    **Attorney's Fees ([Filing No. 46](#))**

Jensen asks the Court to award attorney's fees pursuant to 28 U.S.C §1927, for having to defend Defendants' "baseless Motion to Dismiss." ([Filing No. 46 at 6](#).) Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "The purpose of § 1927 'is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'" *Riddle & Assoc., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quoting *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious," and the attorney may be subject to an attorney fees sanction under 28 U.S.C. § 1927. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (citation and quotation marks omitted). Jensen contends that Defendants displayed vexatious and unreasonable conduct by filing and continuing to pursue the Motion to Dismiss with no basis in fact or law.

In response, Defendants argue that their Motion to Dismiss was not vexatious or unreasonable because the arguments in the Motion are plausible and the Motion was not filed for the purpose of delay. The Court agrees with Defendants and notes, in contrast to Jensen's

contention that Defendants' Motion was baseless, the Court has not adopted the full position of either party in its ruling on the Motion to Dismiss. The Court also notes that Jensen's Motion for Attorney's Fees is a regurgitation of the arguments made in his Motion for Leave to File Surreply, which the Court denied. Accordingly, sanctions are inappropriate and Jensen's Motion on this issue is **denied**.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss ([Filing No. 14](#)). Jensen's claims are ripe for review and dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is not warranted. A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court **GRANTS** dismissal of Jensen's claim that Defendants violated his *Garrity* rights. All other claims have survived the initial hurdle of a motion to dismiss.

In addition, the Court **DENIES** Jensen's Motion for Leave to File Surreply ([Filing No. 45](#)), and the Court **DENIES** Jensen's Motion for Attorney's Fees ([Filing No. 46](#)).

**SO ORDERED.**

Date: 7/28/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

19

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Amy Steketee Fox
FAEGRE BAKER DANIELS LLP (Indianapolis)
amy.fox@faegrebd.com

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP (Indianapolis)
ellen.boshkoff@faegrebd.com