UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM W JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02047-TWP-DLP |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| BOARD OF SCHOOL COMMISSIONERS | ) | |
| FOR THE CITY OF INDIANAPOLIS, | ) | |
| MARY ANN SULLIVAN Individually and | ) | |
| in her Official Capacity, | ) | |
| SAM ODLE Individually and in his Official | ) | |
| Capacity, | ) | |
| LANIER ECHOLS Individually and in her | ) | |
| Official Capacity, | ) | |
| MICHAEL O'CONNOR Individually and in | ) | |
| his Official Capacity, | ) | |
| GAYLE COSBY Individually and in her | ) | |
| Official Capacity, | ) | |
| KELLY BENTLEY Individually and in her | ) | |
| Official Capacity, | ) | |
| DIANE ARNOLD Individually and in her | ) | |
| Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Order on Plaintiff's Motion to Amend Complaint</u>**

This matter comes before the Court on Plaintiff's Motion to Amend/Correct the Complaint (Dkt. 69), wherein Plaintiff seeks to add seven additional Defendants. The motion was referred to the undersigned for ruling. Having examined the facts in light of the applicable standards, the Court **GRANTS IN PART** and **DENIES IN PART** said Motion.

## Procedural History

On July 29, 2016, Plaintiff filed his Complaint, alleging violations of procedural and substantive due process rights under both federal and state law. (Dkt. 1). On July 28, 2017, this Court issued an Order on Defendants' Motion to Dismiss (Dkt. 52), summarizing the procedural and factual history of this case. The Court noted that the Complaint asserted "essentially three distinct federal claims against Defendants, specifically: 1) failure to reschedule the hearing and provide proper notice of Jensen's alleged wrongdoing in violation of the Due Process Clause of the Fourteenth Amendment; 2) failure to advise Jensen of his *Garrity* rights in violation of the Fifth Amendment; and 3) arbitrary and capricious termination in violation of the Due Process Clause of the Fourteenth Amendment." (Dkt. 52 at 10). The Court disposed of Count I, which related to the failure to reschedule the hearing before the Board, and Count III, which related to the deprivation of Jensen's *Garrity* rights. The Court further determined that the time was not yet ripe for a determination related to the Defendants' qualified immunity claim due to a lack of information before the Court.[1] On December 28, 2017, the deadline by which to amend any pleadings, the Plaintiff filed his Motion to Amend/Correct the Complaint (Dkt. 69).

---

[1] Since this Court has already considered the issue of qualified immunity at length and no additional information has been offered, the Court will not consider the Defendants' arguments related to qualified immunity here. Accordingly, any request by the Defendants that leave to amend should be denied on the basis of qualified immunity should be considered denied.

## Factual Summary

In 2016, William Jensen ("Jensen") was working for Indianapolis Public Schools ("IPS") as Assistant Principal of Longfellow Alternative School. On February 17, 2016, a parent reported to Jensen about an inappropriate sexual relationship between a student and Longfellow employee and counselor, Shana Taylor ("Taylor"). After receiving said information, Jensen contacted the Director of Student Services, Deborah Leser ("Leser"), for guidance. Jensen immediately contacted Lela Hester ("Hester"), the Assistant Superintendent of Human Resources for IPS, who advised him not to involve the police. A week later, the story became public. In early March 2016, Jensen was interviewed by David Given, an attorney for IPS, to investigate Jensen's failure to report the incident to the police.

On May 31, 2016, Jensen received a letter notifying him of a preliminary decision to cancel his employment contract with IPS. On June 23, 2016, a hearing was held before the Board of School Commissioners for the City of Indianapolis ("Board" or "the Board") to determine whether Jensen's employment should be terminated. One week later on June 30, 2016, the Board unanimously voted to cancel Jensen's employment contracts based on insubordination and neglect of duty.

## Legal Standard

Here, the Plaintiff has filed for leave to amend his complaint under Federal Rule of Civil Procedure Rule 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) governs that a leave to amend "shall be freely given when justice so requires."

However, where the proposed amendment would be futile, the Court may deny leave to amend. *Runnion ex el. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana,* 786 F.3d 510, 520 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment." *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986). If the proposed amendment fails to cure the deficiencies in the original complaint, or could not survive a motion to dismiss, the court may deny leave to amend. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

## Discussion

### David Given

Plaintiff seeks to add David Given as a Defendant to Count III of the Proposed Amended Complaint, which alleges that the Defendants failed to advise Jensen of his *Garrity* rights in violation of the Fifth and Fourteenth Amendments. (Dkt. 69-2 at 24-25). As noted above, the Court dismissed this claim on July 28, 2017. Once a particular count of a Complaint has been dismissed by the Court, it may not then be resurrected upon amendment, absent providing additional information or factual support. In his Proposed Amended Complaint, the Plaintiff does not include any new factual information or allegations, but instead restates verbatim the original Count. (Dkt. 1 at 21-22; Dkt. 69-2 at 6-7, 16, 24-25). The Court found this Count to be without merit then and it remains without merit now and could not withstand a motion to dismiss. The Plaintiff has failed to cure the

deficiencies in the original complaint. Therefore, Plaintiff's Motion for Leave to Amend the Complaint to add David Given as a Defendant is **DENIED**.

### Jonathan Mayes

Plaintiff seeks to add Jonathan Mayes ("Mayes") as a Defendant to Counts I, II, IV, and V of the Proposed Amended Complaint. The Court dismissed Count I of the Plaintiff's Complaint on July 28, 2017 (Dkt. 52 at 13). The Court found that the Plaintiff had failed to show that his due process rights were violated by the Defendants' decision not to reschedule the Board meeting, because Jensen could have designated counsel to attend the meeting on his behalf or could have presented his case through a writing. (*Id*). Because the Plaintiff adds no additional information or support to this Count, it cannot be revived upon amendment here. Accordingly, Plaintiff's Motion for Leave to Amend to add Jonathan Mayes to Count I is **DENIED**.

Plaintiff seeks to add Jonathan Mayes as a Defendant to Count II, related to Jensen's procedural due process rights in the form of proper notice, and to Counts IV and V, related to Jensen's substantive due process rights under both federal and state law. The Plaintiff asserts that Mayes is a proper party for his role as an alleged "hearing officer" for Jensen's hearing before the Board on June 23, 2016. In support of this allegation, the Plaintiff provides new factual allegations involving Jonathan Mayes' role at the June 23, 2016 hearing. In the proposed amendment, Jensen contends that both the Board and Jonathan Mayes refused to address his counsel's concerns regarding the recording of the hearing, thereby demonstrating

Mayes' role as the hearing officer. (Dkt. 69 at 21). In addition, the Plaintiff had provided an email sent from Mayes to both counsel for the Plaintiff and for the Defendants on June 15, 2016, wherein Mayes wrote that he was "engaged to serve as the hearing officer." (Dkt. 77-1). Plaintiff appears to hang his hat on this assertion, despite facts in the record supporting a different conclusion.

Defendants' counsel Andrew McNeil wrote a letter to Plaintiff's counsel dated December 1, 2017, in which he noted unequivocally that Mayes "appeared at the conferences [for Leser and Jensen] as counsel for the Board." (Dkt. 73-1). Furthermore, the Proposed Findings of Fact & Conclusions of Law submitted to the Board on behalf of Jensen list Mayes as counsel for the Board. (Dkt. 73-4). In the transcript of Jensen's hearing, Board Commissioner and Vice President Sam Odle opened the hearing explaining that he would be the presiding officer and that Mayes would be serving as Counsel to the Commissioners. (Dkt. 73-7 at 5, 7). Finally, in the Board's official findings, it is noted that Mayes "did not serve as 'administrative judge' but [as] Board counsel." (Dkt. 73-8 at 20). The overwhelming evidence at this stage in the case demonstrates that Mayes was operating as counsel for the Board of School Commissioners for the City of Indianapolis.

It is established within the Seventh Circuit that lawyers, whether privately retained or appointed by a court, do not act under color of law merely by representing their clients. *Polk v. County v. Dodson*, 454 U.S. 312, 325 (1981). An attorney retained by a municipality does not automatically satisfy the "under color

of law" requirement of 42 U.S.C. § 1983 cases. *Hutcherson v. Smith,* 908 F. 2d 243, 245 n.2 (7th Cir. 1990).

Attorneys are private actors who do not function under color of law unless they work in concert with government officials to deprive persons of their constitutional rights. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights and (2) those individual(s) were "willful participant[s] in joint activity with the State or its agents." (*Id*) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970); *Starnes v. Capital Cities Media, Inc.,* 39 F.3d 1394, 1397 (7th Cir. 1994).

In order to establish liability for a private attorney, there must be some demonstrated concerted effort between Mayes and the government officials to deprive Jensen of his rights. The Plaintiff here offers only accusations and conclusory allegations related to Mayes' involvement in failing to provide him proper notice and effectuating his termination, which are not sufficient to survive a motion to dismiss. Furthermore, there are no allegations of conspiracy before the court at this time and, therefore, the conspiracy theory cannot stand.

Because the Court finds that the Plaintiff's Motion for Leave to Amend to add Jonathan Mayes as a Defendant to Counts II, IV, and V of Plaintiff's Complaint is futile, the request is **DENIED**.

**Le Boler, Dr. Wanda Legrand, Lela Hester, and Shalon Dabney**

Plaintiff seeks to add Le Boler, Dr. Wanda LeGrand, Lela Hester, and Shalon Dabney to Counts IV and V of his Proposed Amended Complaint, alleging under federal and state law that these Defendants arbitrarily and capriciously made the decision to terminate his teaching and administrative contracts.

In his Motion to Amend and the Proposed Amended Complaint, the Plaintiff lays out at length the involvement of these four Defendants in the events that brought about his termination. Jensen argues that Le Boler was responsible for orchestrating his termination because she "was one of the first to learn of the Shana Taylor matter, but did not report it." (Dkt. 69 at 3). Dr. Wanda LeGrand was advised of the Shana Taylor incident because of information that Jensen relayed to his supervisor. After learning of the source of the information, Dr. LeGrand informed Jensen's superior that she had done everything she needed to do. (Dkt. 69 at 3).

Both Lela Hester and Shalon Dabney were criminally charged with failing to report the Shana Taylor incident to CPS after learning about it through Jensen's supervisor, Leser. (Dkt. 69 at 3; Dkt. 69-1 at 11-15). It appears that the Plaintiff is attempting to argue that because these four people were allegedly involved (and some found legally culpable for inaction) in the Shana Taylor matter that brought about his termination, they should be held responsible for said termination.

In viewing the facts in the light most favorable to Jensen, the allegations in the Motion to Amend and the Proposed Amended Complaint provides the Court

with sufficient information to determine that these four defendants may be parties from whom relief may be obtained. Accordingly, the Plaintiff's Motion for Leave to Amend to add Le Boler, Dr. Wanda LeGrand, Lela Hester, and Shalon Dabney to Counts IV and V of Plaintiff's Complaint is **GRANTED**.

**Dr. Lewis Ferebee**

Plaintiff seeks to add Dr. Lewis Ferebee ("Ferebee") as a Defendant to Counts I-V of the Proposed Amended Complaint. As discussed previously, Counts I and III were dismissed by this Court in July 2017 and, because the Plaintiff did not provide additional factual allegations or support and instead recited the dismissed Count verbatim, would not survive a motion to dismiss. Therefore, Plaintiff's Motion for Leave to Amend to add Dr. Lewis Ferebee to Counts I and III of Plaintiff's Complaint is **DENIED**.

As to Count II, related to whether Jensen's procedural due process rights were violated by a failure to receive proper notice, there are no factual allegations that Ferebee prepared, sent, or had any involvement related to the notice; succinctly, Ferebee isn't alleged to have actually done anything. Rather, the Plaintiff opts for legal conclusions that are insufficient to support a claim or survive a motion to dismiss. Accordingly, Plaintiff's Motion for Leave to Amend to add Dr. Lewis Ferebee to Count II of Plaintiff's Complaint is **DENIED**.

As to Counts IV and V, the Plaintiff alleges that Ferebee participated in his termination, which was arbitrary and capricious under both federal and state law.

Jensen specifically alleges that Ferebee's involvement extended well past the underlying events of the Shana Taylor matter. (Dkt. 69-1 at 11-22) In Ferebee's testimony, he noted that both he and Hester made the decision together to cancel Jensen's teacher and administrative contracts in early May 2016. Thereafter, Ferebee made his recommendation to the Board that Jensen's contract be terminated. Based on the allegations before the Court at this time, the Court finds that the Board relied on Ferebee's recommendation of termination and on Ferebee's testimony during the hearing, testimony which appears to directly contradict the facts as laid out by the Plaintiff. There are enough facts alleged to plausibly state a claim and withstand the test for futility. Accordingly, Plaintiff's Motion for Leave to Amend to add Dr. Lewis Ferebee to Counts IV and V of Plaintiff's Complaint is **GRANTED**.

## Conclusion

Plaintiff's Motion to Amend/Correct Complaint is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff shall file his First Amended Complaint pursuant to the instructions laid out herein, within three (3) days of this Order, and said Complaint will be file-stamped by the Clerk with a date of December 28, 2017.

So ORDERED.

Date: 5/31/2018

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.