# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM W. JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02047-TWP-DLP |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, BOARD | ) | |
| OF SCHOOL COMMISSIONERS FOR THE | ) | |
| CITY OF INDIANAPOLIS, MARY SULLIVAN, | ) | |
| individually and in her official capacity, SAM | ) | |
| ODLE, individually and in his official capacity, | ) | |
| LANIER ECHOLS, individually and in her official | ) | |
| capacity, MICHAEL O'CONNOR, individually | ) | |
| and in his official capacity, GAYLE COSBY, | ) | |
| individually and in her official capacity, KELLY | ) | |
| BENTLEY, individually and in her official capacity, | ) | |
| DIANE ARNOLD, individually and in her official | ) | |
| capacity, LEWIS D. FEREBEE, individually and | ) | |
| in his official capacity, WANDA LEGRAND, | ) | |
| individually and in her official capacity, | ) | |
| LE BOLER individually and in her official capacity, | ) | |
| SHALON DABNEY, individually and in her | ) | |
| official capacity, and LELA TINA HESTER, | ) | |
| individually and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON MOTION TO AMEND COMPLAINT

This matter is before the Court on Defendants' Indianapolis Public School ("IPS"), Board of School Commissioners for the City of Indianapolis ("the Board"), Mary Ann Sullivan ("Sullivan"), Sam Odle ("Odle"), Lanier Echols ("Echols"), Michael O'Connor ("O'Connor"), Gayle Cosby ("Cosby"), Kelly Bentley ("Bentley"), Diane Arnold ("Arnold"), Dr. Lewis D. Ferebee ("Dr. Ferebee"), Le Boler ("Boler"), Dr. Wanda Legrand (" Dr. Legrand"), Shalon Dabney ("Dabney"), and Lela Tina Hester's ("Hester") (collectively, "Defendants") Rule 72(A) Objection

to Order on Plaintiff's Motion to Amend Complaint. ([Filing No. 109.](#)) Plaintiff William W. Jensen ("Jensen") sought the Court's leave to add additional Defendants, Dr. Ferebee, Dr. Legrand, Dabney, Hester, and Boler, (collectively, "Newly Added Defendants"), to his Complaint.[1] Also before the Court is Defendants Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint. ([Filing No. 111](#)). For the reasons that follow below, the Court **grants** the request for extension of time and **overrules in part** and **sustains in part** Defendants' objection to the Magistrate Judge's decision.

## I. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly deferential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a

---

[1] IPS, the Board, Sullivan, Odle, Echols, O'Connor, Cosby, Bentley, and Arnold will be referred to as "Original Defendants."

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." After a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The rule, however, "do[es] not mandate that leave be granted in every case. In particular, a district court may deny a plaintiff leave to amend his complaint if there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice . . . , [or] futility of amendment." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (internal citation and quotation marks omitted). A proposed amendment is futile if it "fails to cure the deficiencies in the original pleading, or could not survive a [] motion to dismiss." *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). "Whether to grant or deny leave to amend is within the district court's discretion." *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

## II. BACKGROUND

Jensen instituted this lawsuit following his termination from IPS, alleging violations of procedural and substantive due process rights under both federal and state law. (Filing No. 1.) In 2016, Jensen's most recent title with IPS was Assistant Principal of Longfellow Alternative School ("Longfellow"). *Id.* at 5. On February 17, 2016, a parent reported an inappropriate sexual relationship ("the Taylor Relationship") between a student and Longfellow employee and counselor, Shana Taylor ("Taylor") to Jensen. *Id.* at 8. After receiving this information, Jensen contacted his supervisor, Deborah Leser ("Leser"), then the Director of Student Services. *Id.* at 9. Leser directed Jensen to contact Hester, the Assistant Superintendent of Human Resources. The very same day, IPS Superintendent, Dr. Ferebee, also learned of at least an inappropriate

3

relationship between Taylor and the student. Hester advised Jensen not to contact the police, and assigned Dabney to investigate.

On February 23, 2016, Dabney told Mark Cosand ("Cosand") to report the relationship to Child Protective Services ("CPS"), which Cosand reported the very same day. *Id*. On March 2, 2016, the "Shana Taylor story" became public. Thereafter, IPS attorney David Given ("Given") interviewed Leser, as well as others including: Jensen, Cosand, Dabney and Hester. Given explained that his goal was to gather facts regarding the complaint made against Taylor. Dr. Ferebee also conducted interviews. On March 7, 2016, Jensen was suspended from his job duties. *Id.* at 13. Jensen was scheduled for a hearing on Monday, April 11, 2016; however, IPS abruptly cancelled the hearing on Friday, April 8, 2016, after Jensen's counsel inquired about the conference. *Id.* at 9-10. Hester and Dabney were criminally charged with failure to make a report on April 12, 2016. No criminal charges were filed against Jensen. On May 31, 2016, Jensen received a letter notifying him that his contract was being terminated by IPS. *Id.* at 18. On June 23, 2016, a hearing was held before the Board and, on June 30, 2016, the Board unanimously voted to cancel Jensen's employment contracts based on insubordination and neglect of duty.

Jensen initiated this action on July 29, 2016 alleging the Defendants denied him due process. Specifically, Jensen alleges: 1) Count I-Defendants failed to reschedule the hearing, despite his inability to attend; 2) Count II-Defendants failed to provide proper notice of his alleged wrongdoing prior to the June 23, 2016 hearing before the Board; 3) Count III-Attorney Given and Dr. Ferebee failed to advise him of his *Garrity* rights prior to interviewing him; 4) Count IV-Defendants' decision to terminate him was arbitrary and capricious; and 5) Count V-the Court should review the decision to terminate Jensen and grant relief to him pursuant to Indiana Code § 4-21.5-5-14. ([Filing No. 1](#).) On July 28, 2017, this Court disposed of Count I (to the extent that it

relates to the Board's failure to reschedule Jensen's hearing) and Count II of Jensen's Complaint, regarding deprivation of his *Garrity* rights. ([Filing No. 52 at 13-14](#).) The Court further determined that, at this early stage in the litigation, Defendants' qualified immunity claim was not yet ripe, due to a lack of information before the Court.[2]

On December 28, 2017, the deadline to amend the pleadings and/or join additional parties, Jensen filed a Motion to Amend/Correct the Complaint, on the basis of newly discovered information that implicated the proposed Newly Added Defendants. ([Filing No. 69 at 2](#).) Jensen's Motion to Amend his initial Complaint sought to add seven additional defendants: Jonathan Mayes ("Mayes"), Given, Dr. Ferebee, Boler, Dr. Legrand, Hester, and Dabney. On May 31, 2018, Magistrate Judge Doris L. Pryor (the "Magistrate Judge") granted the Motion to add Boler, Dr. Legrand, Hester, Dabney, and Dr. Ferebee, as defendants. ([Filing No. 105](#).) Although Jensen's Motion to Amend sought to add the Newly Added Defendants to multiple Counts, the Magistrate Judge granted the Motion to add Boler, Dr. Legrand, Hester, Dabney, and Dr. Ferebee, to only Counts III and IV of Complaint; counts that allege under federal and state law the Defendants arbitrarily and capriciously made the decision to terminate Jensen's teaching and administrative assignments. *Id.* at 9-10. On June 14, 2018, Defendants filed an objection the Magistrate Judge's Order. ([Filing No. 109](#).)

### III. DISCUSSION

#### A. **The Magistrate Judge's Order**

The Magistrate Judge's Order granted in part and denied in part Jensen's Motion to Amend the Complaint. It was denied as to the addition of Given, Mayes, as well as Dr. Ferebee (as to

---

[2] In the Magistrate's Order on Plaintiff's Motion to Amend the Complaint, the Magistrate Judge correctly denied Defendants' arguments that leave to amend should be denied on the basis of qualified immunity. ("Since this Court has already considered the issue of qualified immunity at length and no additional information has been offered, the Court will not consider the Defendants' arguments related to qualified immunity here.") ([Filing No. 105 at 2, n. 1](#).)

5

Counts I and II only). No party objects to this portion of the Order. As noted previously, the Magistrate Judge granted Jensen's Motion to Amend with regards to adding Boler, Dr. Legrand, Hester, Dabney, and Dr. Ferebee (collectively the "Newly Added Defendants") to Counts III and IV. As to Boler, Dr. Legrand, Hester, and Dabney, the Order explains that the Proposed Amended Complaint lays out at length the role each of these four played in the events that brought about Jensen's termination. ([Filing No. 105 at 8](#).) With regards to Dr. Ferebee, the Order held that there were "enough facts alleged to plausibly state a claim and withstand the test of futility," based on the alleged facts that Dr. Ferebee was involved in the initial decision to terminate Jensen and made the recommendation to the Board that Jensen's contract be terminated. *Id.* at 10. Moreover, the Order noted Dr. Ferebee's testimony in which, "he noted that both he and Hester, made the decision to cancel Jensen's teacher and administrative contracts in early May 2016."

B. **Defendants' Objections**

Defendants assert three bases for objecting to the Magistrate Judge's Order: 1) as a matter of law, the Newly Added Defendants' involvement with Jensen's termination does not establish potential liability, *i.e.,* adding them would be futile; 2) the Newly Added Defendants are entitled to qualified immunity; and 3) the Newly Added Defendants are not parties from whom relief may be obtained. ([Filing No. 109 at 4-5](#).) Jensen responds that the Newly Added Defendants were fundamental to the investigation and eventual termination of his employment, and that any delay in adding these defendants was because the Original Defendants withheld documents and continue to withhold documents. ([Filing No. 115 at 2](#).) Additionally, Jensen responds that the Newly Added Defendants are not entitled to qualified immunity, and they are proper parties from whom relief can be granted. The Court will address each objection in turn.

1. **Futility of Amendment**

Defendants cite extensive factual allegations from the Proposed Amended Complaint regarding Boler's, Dr. Legrand's, Hester's, and Dabney's involvement in the investigation of the Taylor Relationship, including subsequent events related to Jensen's termination and directions given to Jensen on how to proceed. ([Filing No. 109 at 6-7](#) citing [Filing No. 69-1 at 11-15](#).) Yet, Defendants then summarize these extensive factual allegations as merely *awareness* of the Taylor Relationship from which Jensen concludes the Newly Added Defendants were somehow responsible for his termination. Specifically, based on Defendants' citations to the Proposed Amended Complaint, the factual allegations included *directions* from Hester, Boler, and Dr. Legrand (including the direction not to involve the police), at a minimum, which is more than awareness. Defendants concede that Dr. Ferebee recommended termination of Jensen's employment, but that the Board's hearing and resulting findings overrode any alleged involvement by the Newly Added Defendants. In contrast to the Defendants' summary of the factual allegations, the Magistrate Judge's accurate summary of the factual allegations was stated as follows:

> In his Motion to Amend and the Proposed Amended Complaint, the Plaintiff lays out at length the involvement of these four Defendants in the events that brought about his termination. Jensen argues that Le Boler was responsible for orchestrating his termination because she "was one of the first to learn of the Shana Taylor matter, but did not report it." (Dkt. 69 at 3). Dr. Wanda LeGrand was advised of the Shana Taylor incident because of information that Jensen relayed to his supervisor. After learning of the source of the information, Dr. LeGrand informed Jensen's superior that she had done everything she needed to do. (Dkt. 69 at 3).

([Filing No. 105 at 8](#)). Additionally, the Magistrate Judge noted that Hester and Dabney "were criminally charged with failing to report the Shana Taylor incident to CPS after learning about it through Jensen's supervisor, Leser." *Id.*

Defendants contend the Magistrate Judge's decision was in error because even if the Newly Added Defendants were part of the causal chain that resulted in Jensen's termination, only

7

decision-makers can be held liable under § 1983. (Filing No. 109 at 7-8.) The Newly Added Defendants have been added to this lawsuit in their individual and official capacities. To state a claim under § 1983 for an "arbitrary and capricious" termination, the Seventh Circuit has held that:

> it has long been our precedent that a plaintiff who challenges the substance of a government decision on substantive due process grounds (as opposed to challenging the process the decision-makers used on procedural due process grounds) must show (1) that the decision was arbitrary and irrational, and (2) that the decision-makers either committed another substantive constitutional violation or that state remedies are inadequate.

*Strasburger v. Bd. of Educ., Hardin Cty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 357 (7th Cir. 1998). Defendants are correct that only decision-makers may be held liable for an arbitrary and capricious termination on substantive due process grounds.[3] However, the Proposed Amended Complaint alleges Boler, Hester, Dabney, Legrand, and Dr. Ferebee were decision-makers acting under color of state law. (Filing No. 106 at 22-23.) For purposes of § 1983 liability, the decision maker for any given action depends on who is "at the apex of authority for the action in question." *Perry v. City of Indianapolis,* 1:11-cv-172-RLY-TAB, 2013 WL 1750747 at *6 (S.D. Ind. April 23, 2013) (quoting *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 468 (7th Cir. 2001). "State law determines who legally constitutes a final policymaker." *Darchak v. City of Chicago Bd. of Educ.,* 580 F.3d 622, 629 (7th Cir. 2009). Defendants contend that under Indiana law the decision to terminate employment is placed with the Board of School Commissioners. The Indiana Court of Appeals has recognized that the city board of education and its superintendent may act in concert in deciding whether to cancel a teacher's contract. *Myers v. Greater Clark Cty. Sch. Corp.,* 464 N.E.2d 1323, 1329 (Ind. Ct. App. 1984). Moreover, in § 1983 actions, the Seventh

---

[3] Although not at issue in the pending matter, Jensen's Complaint includes a procedural due process violation count. (Filing No. 106 at 21.)

Circuit recognizes *de facto* decision-makers when a school board, with express authority over personnel decisions, delegate or ratify termination actions. *Darchak*, 580 F.3d at 630.

It is important to note the liberal standard to "freely give leave [to amend a complaint] when justice so requires. Fed. R. Civ. Pro. 15(a)(2). Moreover, the clear error standard on the Magistrate Judge's ruling is highly deferential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). Dr. Ferebee, as superintendent of IPS, is alleged to be involved in the initial decision to terminate Jensen and made the recommendation to the Board to terminate Jensen. Defendants concede Dr. Ferebee made the recommendation to the Board to terminate Jensen's employment. ([Filing No. 109 at 9](#).) Hester, the then-Human Resources Operation Officer, is alleged to have been the first person contacted regarding the Taylor Relationship, and told Jensen not to involve the police despite Jensen informing her that he had an IPS law enforcement officer ready to assist him. ([Filing No. 106 at 12](#).) Additionally, Jensen points the Court to emails between Hester and Dr. Ferebee regarding pre-termination communications on orchestrating Jensen's termination. ([Filing No. 115 at 3](#); [Filing No. 115-1](#).) Boler, Chief Strategist at IPS, is alleged to be another person Leser contacted about the Taylor Relationship, and Leser asked Boler if there was anything else she needed to do. Dr. Legrand, Deputy Superintendent of IPS, is alleged to have also been contacted regarding the Taylor Relationship. When Leser asked Dr. Legrand if there was anything else she needed to do, Dr. Legrand indicated there was not, saying it sounds like Leser had it handled. Dabney, Human Resources Case Manager at IPS, was assigned by Hester to investigate the Taylor Relationship. Dabney is not alleged to have directed Jensen regarding the investigation; however, Hester is

9

alleged to have directed Jensen to inform Taylor to report to Dabney's office as part of the investigation. ([Filing No. 106 at 12.](#))

The Court finds that Dabney is the only Newly Added Defendants that it would be futile to add to the Proposed Amended Complaint, as she was not in a decision-making role (as evidenced by her title-case manager). Nor is Dabney alleged to have been an active participant in Jensen's termination decision, other than investigating the Taylor Relationship which is insufficient under both Indiana and federal law. According to the Proposed Amended Complaint, Dabney is the only Newly Added Defendant to have only "mere awareness" regarding Jensen's termination. The Magistrate Judge erred in allowing Dabney to be added to the lawsuit. Accordingly, Dabney is **dismissed** from the lawsuit **with prejudice**.

As for Dr. Ferebee, Dr. Legrand, Hester, and Boler, there are sufficient plausible allegations, at this juncture, regarding their concerted involvement with Jensen's termination.

### 2. <u>**Qualified Immunity**</u>

As noted previously, relying on this Court's Order on the issue of qualified immunity applied to the Original Defendants on a Motion to Dismiss, the Magistrate Judge did not consider the issue of qualified immunity.

> Since this Court has already considered the issue of qualified immunity at length and no additional information has been offered, the Court will not consider the Defendants' arguments related to qualified immunity here. Accordingly, any request by the Defendants that leave to amend should be denied on the basis of qualified immunity should be considered denied.

([Filing No. 105 at 2](#) n.1.) This Court held as to the Original Defendants:

> The Court notes, as discussed above, that Jensen alleged sufficient facts to state a claim for arbitrary termination in violation of the Fourteenth Amendment. Despite Jensen obeying his superiors and the rules outlined in IPS Procedure 3213.01, the Commissioners terminated Jensen. Based on this fact, the Court finds that it would be clear to a reasonable Commissioner that Jensen's substantive due process rights were violated. Accordingly, at this early stage in litigation, the Court denies

> Defendants' qualified immunity claim. The Court notes, however, with the benefit of discovery and at a later stage in litigation, Defendants may establish that they did in fact give Jensen proper notice or properly terminated Jensen and, as such, the Commissioners are entitled to qualified immunity.

([Filing No. 52 at 17](#).) Jensen incorporates his argument contained in his Response in Opposition to Defendants' Motion to Dismiss (against the Original Defendants) by reference as applied to the Newly Added Defendants. ([Filing No. 115 at 5](#).) Defendants correctly note that each Defendant's entitlement to qualified immunity should be determined on its own merits. ([Filing No. 109 at 12](#) n.3.) Due to numerous disputes, litigation has been essentially halted in this case. Thus, the Magistrate Judge reasonably did not consider Defendants' arguments related to qualified immunity, as this Court had already considered the issue of qualified immunity at length and no additional information has been offered. Moreover, the qualified immunity issue is inextricably connected to the constitutional issues raised against the Newly Added Defendants. Given the trajectory of this case, Defendants' argument for denying a motion to amend at the pleadings stage, on the basis of qualified immunity, faces a larger hurdle than it did at the motion to dismiss stage. Thus, the Newly Added Defendants' argument for qualified immunity meets the same fate as that of the Original Defendants' because Jensen has alleged sufficient facts to state a claim for arbitrary and capricious termination, under *Twombly/Iqbal*, at this early stage of this litigation. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Unfortunately, the needle has barely moved in this case since this Court's July 28, 2017 Entry on Motion to Dismiss. The Newly Added Defendants' Objection to the Magistrate Judge's Order on qualified immunity is **overruled**.

### 3. Parties from Whom Relief May Be Granted

Defendants contend that the Magistrate Judge erred when allowing Jensen to amend his Complaint to add the Newly Added Defendants to Count IV of the Complaint (Petition for Review Pursuant to Ind. Code § 4-21.5-5-14). Specifically, Defendants contend Jensen may seek judicial

11

review pursuant to the Teacher Tenure Act, but not pursuant to the Indiana Administrative Orders and Procedures Act ("AOPA"), and that there is no right under Indiana law to add individual parties in their individual or official capacities. (Filing No. 109 at 14; Filing No. 119 at 7.) Jensen responds that Defendants failed to cite any case law or statutory authority to support their contention, and the reason for this failure is because none exists. (Filing No. 115 at 6.) As noted previously, the Proposed Amended Complaint sufficiently alleges a plausible theory that the Newly Added Defendants terminated Jensen's employment. The Court agrees with Defendants' first contention in that the Teacher Tenure Act governs judicial review of a school board's pre-deprivation termination proceedings. Ind. Code 20-28-7.5-3. *See Board of School Com'rs of City of Indianapolis v. Walpole,* 801 N.E.2d 622, 625 (Ind. 2004). However, Defendants' contention that AOPA could not apply in this case is misplaced, as Jensen's Count IV hinges on whether various IPS procedures were violated warranting his termination. (*See* Filing No. 106 at 23-25.) Additionally, Jensen raises evidentiary deficiencies related to the hearing. In any event, there is a lack of information, at this stage, as to whether the Board or the Newly Added Defendants held the ultimate authority to terminate Jensen (and if they had already done so before the Board meeting). Accordingly, the Court **overrules** this objection the Magistrate Judge's Order.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **overrules in part** and **sustains in part** Defendants' objection to the Magistrate Judge's decision. (Filing No. 109.) Under Rule 72(a), the Court **MODIFIES** the Magistrate Judge's Order on Plaintiff's Motion to Amend Complaint, (Filing No. 105), as to Dabney only. Jensen's Motion for Leave to File Amended Complaint (Filing No. 69) is **GRANTED** as to adding Defendants Dr. Ferebee, Dr. Legrand, Hester, and Boler and it is

**DENIED** as to Dabney, and she is **dismissed** from this lawsuit **with prejudice**. The Clerk is directed to **terminate** Dabney as a defendant.

Defendants' Motion for Enlargement of Time to Respond to Plaintiff's First Amended Complaint, wherein they request fourteen days after the Court rules on their Rule 72(a) Objection to file a responsive pleading, ([Filing No. 111](Filing No. 111)), is **GRANTED**. Defendants shall have **fourteen (14) days from the date of this Order** to file a responsive pleading.

**SO ORDERED.**

Date: 8/8/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP (Indianapolis)
ellen.boshkoff@faegrebd.com

Matthew K. Giffin
FAEGRE BAKER DANIELS LLP (Indianapolis)
matt.giffin@faegrebd.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com